**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473

*Attorneys for Plaintiff Aine O'Neill*

**WEIL, GOTSHAL & MANGES LLP**
David R. Singh
David.Singh@weil.com
Morgan D. MacBride
Morgan.Macbride@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3000

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AINE O'NEILL,

Plaintiff,

v.

APPLE, INC.,

Defendant.

Case No. 2:26-cv-07457-PA-SSC

**JOINT STIPULATION OF DISMISSAL OF ACTION WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)**

*Filed concurrently with* [*Proposed*] *Order*

Judge: Hon. Percy Anderson
Courtroom: 9A
TAC Filed: November 25, 2024

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff Aine O'Neill ("Plaintiff") and Defendant Apple Inc. ("Apple") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

**RECITALS**

A. This action originated as *Hughes v. Apple Inc.*, No. 3:22-cv-07668-VC (N.D. Cal.) (the "*Hughes* Action"), filed December 5, 2022. Plaintiff first asserted her individual claims in the First Amended Complaint ("FAC") filed in the *Hughes* Action on October 6, 2023. The operative complaint is the Third Amended Complaint ("TAC"), filed on November 25, 2024.

B. Following denial of class certification, the individual actions were severed. *Hughes*, ECF No. 305 (N.D. Cal. Apr. 7, 2026). On Apple's motion under 28 U.S.C. § 1404(a), Plaintiff's case was transferred to this District on July 8, 2026. *Hughes*, ECF No. 329 (N.D. Cal. July 8, 2026).

C. Plaintiff asserts claims for negligence, strict products liability, and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* Plaintiff does not assert any federal claims.

D. At the August 24, 2026 scheduling conference, the Court inquired whether Plaintiff would prefer to litigate the case in the Superior Court of California and indicated it would be willing to entertain a motion under Federal Rule of Civil Procedure 41(a)(2) on appropriate terms, including preservation and cross-use of the discovery already taken. In its August 31, 2026 Order (ECF No. 367), the Court authorized the Parties to file a stipulation dismissing this action without prejudice and permitting Plaintiff to refile her claims in state court.

E. On August 28, 2026, the Parties filed a Joint Status Report in which Plaintiff stated she intended "to re-file her claims in the Superior Court of California in the next thirty (30) days." (ECF No. 364).

F. The Parties have met and conferred and reached the agreement set forth below.

## STIPULATION

1. **Dismissal Without Prejudice.** This action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), on the terms set forth below.

2. **The State Court Action.** Plaintiff may refile her claims in the Superior Court of California (the "State Action") and shall do so within thirty (30) days of entry of the Order accompanying this Stipulation. The State Action will assert the same underlying claims against Apple, arising out of the same events, as alleged in this action.

3. **Limitations, Repose, Laches.** The Parties agree the period from October 6, 2023 through and including the date Plaintiff files the State Action (the "Tolled Period") shall not be counted for purposes of any statute of limitations, statute of repose, or laches defense to the claims asserted in the State Action. Apple shall not assert, and hereby waives, any such defense to the extent it depends on the passage of time during the Tolled Period. Apple does not otherwise waive, and expressly preserves, any contention that Plaintiff's claims were untimely as of October 6, 2023 or are untimely for reasons independent of the passage of time during the Tolled Period. Nothing in this paragraph limits any other ground on which Plaintiff may contend her claims are timely.

4. **Use of Prior Discovery.** All documents produced, written discovery responses served, and deposition testimony given by any Party in this action or in the *Hughes* Action shall be deemed produced, served, and given in the State Action, and may be used by any Party in the State Action to the same extent as if produced, served, or given there, subject to a Protective Order being entered in the State Action. All discovery produced and provided in the *Hughes* Action shall count towards the amount of discovery permitted by the California Code of Civil Procedure. All objections as to admissibility are preserved. The Parties shall use reasonable efforts to avoid duplicating discovery already obtained.

5. **Plaintiff's Deposition.** Plaintiff's deposition taken in the *Hughes* Action remains effective and may be used in the State Action. Deeming Plaintiff's deposition to be admitted in the State Action shall not prevent Apple from arguing that Plaintiff's deposition was incomplete or should be reopened for any reason other than the commencement of the State Action.

6. **Protective Order.** The Stipulated Protective Order entered in the *Hughes* Action (ECF No. 124) shall continue to govern all material designated under it unless and until the Superior Court enters a corresponding order. The Parties shall jointly seek entry in the State Action of a protective order with substantive terms materially identical to those of the *Hughes* protective order except that the Parties may negotiate additional language concerning the use of AI tools to assess produce materials.

7. **No Removal.** Apple is a citizen of the State of California for purposes of 28 U.S.C. § 1332(c)(1). Apple shall not remove the State Action to federal court and waives any right to do so.

8. **Reservation of Rights; Retention of Jurisdiction.** Except as expressly provided in this Stipulation, each Party reserves all claims, defenses, and objections, and nothing herein constitutes an admission on any issue. The Court shall retain jurisdiction to enforce the terms of this Stipulation and the Protective Order. Upon entry of the Order, all pending motions shall be denied as moot and all dates vacated.

**IT IS SO STIPULATED.**

Dated: September 8, 2026

**WADE KILPELA SLADE LLP**

*/s/ Gillian L. Wade*

Gillian L. Wade
Sara D. Avila
Marc A. Castaneda
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404

Tel: (501) 417-6445
gwade@waykayslay.com
sara@waykayslay.com
marc@waykayslay.com

*Attorneys for Plaintiff Aine O'Neill*

Dated: September 8, 2026

**WEIL, GOTSHAL & MANGES LLP**

*/s/ David R. Singh*

David R. Singh
David.Singh@weil.com
Morgan MacBride
Morgan.Macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

James M. Pearl (Bar No. 198481)
James.Pearl@weil.com
WEIL, GOTSHAL & MANGES LLP
1999 Avenue of the Stars, Ste. 1800
Los Angeles, CA 90067
Telephone: (213) 667-5100
Facsimile: (213) 667-5111

*Attorneys for Defendant Apple Inc.*

**ATTESTATION**

Pursuant to L.R. 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing. I further attest that I have on file documentation of their authorization.

Dated: September 8, 2026

**WADE KILPELA SLADE LLP**

*/s/ Gillian L. Wade*
Gillian L. Wade