JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AINE O'NEILL,

Plaintiff

vs.

APPLE, INC.,

Defendant.

Case No. 2:26-cv-07457-PA-SSC

**ORDER GRANTING JOINT STIPULATION OF DISMISSAL OF ACTION WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)**

Judge: Hon. Percy Anderson Courtroom: 9A

TAC Filed: November 25, 2024

The Court has considered the Joint Stipulation for Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) submitted by Plaintiff Aine O'Neill ("Plaintiff") and Defendant Apple Inc. ("Apple") (collectively, the "Parties"). Good cause appearing, the Stipulation is APPROVED. The pertinent elements of the Stipulation are set forth below and are incorporated into this Order in full.

IT IS HEREBY ORDERED:

1. **Dismissal.** This action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(2), on the terms set forth in this Order.

2. **Dismissal Without Prejudice.** This action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), on the terms set forth below.

3. **The State Court Action.** Plaintiff may refile her claims in the Superior Court of California (the "State Action") and shall do so within thirty (30) days of entry of the Order accompanying this Stipulation. The State Action will assert the same underlying claims against Apple, arising out of the same events, as alleged in this action.

4. **Limitations, Repose, Laches.** The Parties agree the period from October 6, 2023 through and including the date Plaintiff files the State Action (the "Tolled Period") shall not be counted for purposes of any statute of limitations, statute of repose, or laches defense to the claims asserted in the State Action. Apple shall not assert, and hereby waives, any such defense to the extent it depends on the passage of time during the Tolled Period. Apple does not otherwise waive, and expressly preserves, any contention that Plaintiff's claims were untimely as of October 6, 2023 or are untimely for reasons independent of the passage of time during the Tolled Period. Nothing in this paragraph limits any other ground on which Plaintiff may contend her claims are timely.

5. **Use of Prior Discovery.** All documents produced, written discovery responses served, and deposition testimony given by any Party in this action or in the *Hughes* Action shall be deemed produced, served, and given in the State Action, and

may be used by any Party in the State Action to the same extent as if produced, served, or given there, subject to a Protective Order being entered in the State Action. All discovery produced and provided in the *Hughes* Action shall count towards the amount of discovery permitted by the California Code of Civil Procedure. All objections as to admissibility are preserved. The Parties shall use reasonable efforts to avoid duplicating discovery already obtained.

6. **Plaintiff's Deposition.** Plaintiff's deposition taken in the *Hughes* Action remains effective and may be used in the State Action. Deeming Plaintiff's deposition to be admitted in the State Action shall not prevent Apple from arguing that Plaintiff's deposition was incomplete or should be reopened for any reason other than the commencement of the State Action.

7. **Protective Order.** The Stipulated Protective Order entered in the *Hughes* Action (ECF No. 124) shall continue to govern all material designated under it unless and until the Superior Court enters a corresponding order. The Parties shall jointly seek entry in the State Action of a protective order with substantive terms substantially similar to those of the *Hughes* protective order, including that the Parties may negotiate additional language concerning the use of AI tools to assess produce materials.

8. **No Removal.** Apple agrees that it will not seek removal of the State Action to federal court.

9. **Reservation of Rights; Retention of Jurisdiction.** Except as expressly provided in this Stipulation, each Party reserves all claims, defenses, and objections, and nothing herein constitutes an admission on any issue. Upon entry of the Order, all pending motions shall be denied as moot and all dates vacated.

~

11. **Pending Matters.** All pending motions are DENIED AS MOOT and all dates previously set in this action are VACATED. The Clerk is directed to close the file.

**IT IS SO ORDERED**.

Dated: September 12, 2026

Percy Anderson
United States District Judge